IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ROY WILMOTH, JR.                                                                        PLAINTIFF

v.                                                        CIVIL ACTION NO: 3:20-CV-120-NBB-RP

ALEX M. AZAR, II in his official capacity
as Secretary of the United States Department
of Health and Human Services                                       DEFENDANT

## **PLAINTIFF'S MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY**

### I. INTRODUCION

Pursuant to the Civil Minutes of Status Conference with the Court (Dkt. # 48) on September 23, 2020, Mr. Wilmoth files this motion for leave to serve discovery on a narrow topic expected to be raised by the Secretary. As further directed by the Court, attached, are interrogatories (**Ex. "1"**) seeking the same information that was the subject of the previously filed deposition notice, which the court struck (Dkt. # 49). Leave is necessary because discovery is currently precluded by the Court's Case Management Order (Dkt. # 35).

Mr. Wilmoth seeks limited discovery to rebut the arguments and non-record evidence the Secretary is expected to rely on to resist Mr. Wilmoth's assertion of collateral estoppel against the Secretary. In particular, in other cases, the Secretary has asserted that, as a matter of equity, it would be "unfair" to apply collateral estoppel against the Secretary because "it would not be practicable for the Secretary to defend himself in thousands of ALJ appeals filed each year." In support of this argument, the Secretary has relied on non-record evidence of alleged ALJ appeals. Mr. Wilmoth contends that this is wrong both legally and factually. In part, Mr. Wilmoth contends that under the Secretary's own regulations, the Secretary is not permitted to appear in cases where

the beneficiary is not represented. Thus, to the extent the issue is even germane, Mr. Wilmoth contends that the relevant evidence would be how many ALJ appeals there are where the beneficiary is represented. That is information that is solely within the Secretary's possession.

In this case, the Secretary has refused to stipulate that he will not make these same arguments. Accordingly, the requested limited discovery should be permitted so that Mr. Wilmoth can gather this relevant evidence needed to rebut the arguments and non-record evidence the Secretary will offer.

## II. LEGAL BACKGROUND

In cases arising under 42 U.S.C. § 405(g), discovery may be taken on matters that are ancillary/collateral to the merits of the underlying decision being appealed. Thus, for example, discovery has been allowed as to alleged bias by an assigned ALJ. *See, e.g., Hummel v. Heckler*, 736 F.2d 91, 93 (3rd Cir. 1984) (in some instances, "facts with respect to fairness of that proceeding can be developed only in the district court"). Discovery has been allowed on class certification issues. *See, e.g., Kuehner v. Heckler*, 778 F.2d 152, 156 (3rd Cir. 1985) ("On July 20, 1982, before discovery had been completed …"); *Jones v. Bowen*, 121 F.R.D. 344,348 (N.D. Ill. 1988) (subsequently amended on other grounds) ("Through discovery, plaintiffs have obtained …"). Discovery also has been allowed on equitable tolling issues. *See, e.g., Dixon v. Bowen*, 126 F.R.D. 483 (S.D.N.Y. 1989) (discovery of alleged secret policies). Accordingly, while discovery of whether a decision is supported by substantial evidence would not be appropriate, discovery of matters that are ancillary/collateral to the merits of the underlying decision may be appropriate.

Of course, collateral estoppel is a common law doctrine barring the relitigation of matters decided in a prior, final decision. Collateral estoppel has been applied (even offensively) in cases involving the United States for at least 100 years. *See, e.g., U.S. v. Moser*, 266 U.S. 236 (1924)

(United States collaterally estopped from denying retirement benefits as a result of prior cases). Even if all the elements of collateral estoppel are present, offensive collateral estoppel may still not be applied if doing so would be "unfair" to a party. *See, e.g., Raytech Corp. v. White*, 54 F.3d 187, 195 (3rd Cir. 1995).

Pursuant to the Secretary's own regulations, when a beneficiary is not represented by counsel, the Secretary may not appear as a party before the ALJ, submit evidence, cross-examine witnesses, or present argument. *See* 42 C.F.R. §§ 405.1012; 405.1018; 405.1036. However, when the beneficiary is represented by counsel, the Secretary has all the rights of a litigant before the ALJ.

### III. FACTUAL BACKGROUND

This case was filed on November 26, 2020, in the Secretary's home district (the District of Columbia) and a motion for summary judgment based on collateral estoppel was filed simultaneously. Thereafter, the Secretary objected to venue in his home district and this case was severed from other plaintiffs and transferred to this district.

Mr. Wilmoth then filed an amended Complaint to which the Secretary subsequently filed an Answer. (*See* Dkt. #'s 33 & 40). Pursuant to this Court's Case Management Order, the dispositive motion deadline is October 22, 2020. (Dkt. #35).

As this Court is aware, there are numerous cases ongoing where the issue of collateral estoppel is being litigated. The Secretary has advanced his "unfairness" argument relying on non-record evidence of the number of ALJ appeals filed each year in *Prosser v. Azar*, Case No. 20-cv-194, E.D. Wisc. (Griesbach, J.) (*see* Dkt. #13 at 28); *Oxenberg v. Azar*, Case No. 20-cv-738, E.D. Pa. (Rufe, J.) (*see* Dkt. #17 at 29); *Piekanski v. Azar*, Case No. 20-cv-687, M.D. Pa. (Mariani, J.) (see Dkt. #50 at 29); *Townsend v. Azar*, Case No. 20-cv-1210, S.D.N.Y. (Carter, J.) (*see* Dkt. #21

at 22) (attached collectively as **Ex. "2"**).

While Mr. Wilmoth believes that the Secretary's argument is legally flawed (because mutual, offensive collateral estoppel against the United States was affirmed in *U.S. v. Mendoza*, 464 U.S. 154 (1984)), Mr. Wilmoth also believes that the Secretary's argument is factually incorrect/insufficient. Rather than the alleged hundreds of thousands of ALJ appeals filed each year, based on other publications by the Secretary, Mr. Wilmoth believes that ~5,100 beneficiary ALJ appeals are filed each year and that in only a small fraction of those is the beneficiary represented. That information is solely in the possession of the Secretary.

## IV. DISCUSSION

### A. The Discovery Sought Is Permissible.

There is no bar to the discovery sought. Mr. Wilmoth does not seek discovery "to probe the thought and decision-making processes of judges and administrators," to otherwise supplement the administrative record, or to address the correctness of the underlying decision being appealed. *NVE, Inc. v. Dept' of Health & Human Services*, 436 F.3d 182, 195 (3rd Cir. 2006).

The Secretary is expected to assert that, regardless of the merits of the decision in Mr. Wilmoth's case, applying collateral estoppel would be "unfair" to the Secretary because there are so many cases that the Secretary cannot appear in them all.

Mr. Wilmoth seeks to rebut this claim by, *inter alia*, showing that there are vastly fewer ALJ appeals filed where the Secretary could actually appear. For example, the Secretary has published data indicating that ~5,100 beneficiary ALJ appeals are filed each year.[1] However, the publicly available data does not indicate how many of those appeals are by represented beneficiaries. Pursuant to the Secretary's regulations, it is only in the cases where the beneficiary

---

[1] *See* https://www.hhs.gov/about/agencies/omha/about/current-workload/beneficiary-appeals-data/index.html.

is represented (like Mr. Wilmoth's) that the Secretary can appear. Thus, knowing this information is relevant to whether there are so many cases that it would be "unfair" to expect the Secretary to appear in them. For example, if there are only a few dozen cases each year in which the Secretary was permitted to appear, it would obviously not be "unfair" to expect the Secretary to appear in those cases. That is the narrow discovery Mr. Wilmoth seeks.

**B. Discovery Is Needed Because The Secretary Admits He Will Argue "Unfairness" Here.**

Given the Secretary's refusal (or inability) to stipulate that he will not advance the same "unfairness" argument in this case that he has advanced in the other cases, the limited discovery should be allowed. The evidence of "unfairness" the Secretary will offer is the number of ALJ cases, and Mr. Wilmoth should be able to test this non-record evidence with the proposed limited discovery.

## V. CONCLCUSION

The Secretary's refusal to stipulate that he will not assert non-record evidence in support of his opposition to this appeal makes the narrow discovery sought necessary, and it should be allowed.

Due to the nature of the narrow relief sought in this Motion, Mr. Wilmoth asks the Court to excuse the requirement of a separate Memorandum under Local Rule 7.

Dated: September 25, 2020.

                                                          Respectfully submitted

                                                          */s/ H. Ruston Comley*
                                                          H. Ruston Comley (MS Bar #102307)
                                                          *Watkins & Eager PLLC*
                                                          400 East Capital Street (39201)
                                                          Post Office Box 650
                                                          Jackson, Mississippi 39205-0650
                                                          Telephone: (601) 965-1900
                                                          Facsimile: (601) 965-1901
                                                          rcomley@watkinseager.com

                                           */s/ James C. Pistorino*
                                           James Charles Pistorino (Admitted PHV)
                                           *Parrish Law Offices*
                                           224 Lexington Drive
                                           Menlo Park, California 94025
                                           Telephone: (650) 400-0043
                                           Facsimile:  (412) 561-6253
                                           james@dparrishlaw.com

**OF COUNSEL:**

Robert R. Baugh
*Sirote & Permutt, P.C.*
Post Office Box 55727
Birmingham, Alabama 35255-5727
Telephone:  (205) 930-5307
Facsimile:   (205) 212-3860
rbaugh@sirote.com

## CERTIFICATE OF SERVICE

      I hereby certify that I filed the foregoing document electronically, using the CM/ECF system, which will send notification of such filing to all parties of record in the above-captioned matter.

      This, the 25th day of September 2020.

                                           */s/ H. Ruston Comley*
                                           H. Ruston Comley