IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ROY WILMOTH, JR.**                                                                             **PLAINTIFF**

**v.**                                      **CIVIL ACTION NO. 3:20-CV-120-NBB-RP**

**ALEX M. AZAR, II, in his official
capacity as Secretary of the U.S.
Department of Health and Human Services**                      **DEFENDANT**

**RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY**

**I.  Introduction**

Alex M. Azar, II, in his official capacity as the Secretary of the United States Department of Health and Human Services, responds in opposition to Plaintiff's Motion For Leave to Take Limited Discovery, as follows:

This case arises from the denial of Plaintiff's claims for Medicare payment for certain months of tumor treatment field therapy using the Optune system manufactured by Novocure. On October 15, 2019, the Medicare Appeals Council issued a decision denying Plaintiff's claims for Medicare payment for TTFT for dates of service of April 19, 2018 through June 19, 2018. Administrative Record at 0001-0008. The Council found that Plaintiff was not financially liable for the charges for the denied claims. AR at 0008. The Council's decision stands as the final agency decision of the Secretary of HHS. The entire Administrative Record has been filed with the court, which now has jurisdiction to conduct judicial review of the final agency decision under the terms and criteria of the applicable statute, 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1395ff(b)). As Plaintiff noted in his motion, discovery is precluded by the Court's Case Management Order. Docket 50 at 1; Docket 35. Nonetheless Plaintiff seeks leave to propound interrogatories about the number

of ALJ appeals filed by beneficiaries for Fiscal Years (FYs) 2018 and 2019, as well as information about the number of ALJ appeals filed by represented Medicare beneficiaries in FY 2018 and 2019. Docket 50-1. Plaintiff's request is inconsistent with the nature of judicial review in this case, and he relies on speculation about what Defendant will argue in his brief, which has not been filed. Plaintiff's motion should be denied.

## II. The Nature Of This Civil Action For Judicial Review

Judicial review in this case is authorized by 42 U.S.C. § 405(g) (made applicable to Medicare by 42 U.S.C. § 1395ff(b)). Section 405(g) states, in pertinent part, that:

> …The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Secretary], with or without remanding the cause for a rehearing. The findings of the [Secretary] as to any fact, if supported by substantial evidence, shall be conclusive . . .

42 U.S.C. § 405(g). This provision is straightforward. Section 405(g) directs that the court's review is done on the basis of "the pleadings and transcript of the record." *Id.* Furthermore, § 405(g) prescribes the powers of the reviewing court: the court may enter a judgment that "affirm[s], modif[ies], or revers[es] the decision of the [Secretary] …"

A Medicare case subject to § 405(g) is reviewed in the same manner as a Social Security appeal subject to § 405(g). *Estate of Morris v. Shalala*, 207 F.3d 244, 245 (5th Cir. 2000). Judicial review is limited to whether the Secretary's final decision comports with applicable law and is supported by substantial evidence. 42 U.S.C. § 1395ff(b), (incorporating 42 U.S.C. § 405(g)). Substantial evidence is "more than a scintilla, but less than a preponderance." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "No evidence external to the administrative record is generally admissible in reviewing an administrative action pursuant to 42 U.S.C. § 405(g)." *Lovett v. Schweiker*, 667 F.2d 1, 2 (5th Cir. 1981). In conducting its review under § 405(g), the court "may only scrutinize the record." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (citations omitted).

The sole task for the court is to review the Administrative Record and the arguments that the parties will submit in their principal briefing, and to ascertain whether substantial evidence supports the Council's findings and whether the Council's determination comported with the applicable standards for Medicare payment. 42 U.S.C. § 405(g); *Estate of Morris*, 207 F.3d at 245; *Leggett*, 67 F.3d at 564.

### III. Discovery In This Case Is Not Permitted Under 42 U.S.C. § 405(g)

Discovery is ordinarily not available in cases for judicial review under 42 U.S.C. § 405(g). Plaintiff relies on certain decisions from the Third Circuit. The decisions cited by Plaintiff do not support the argument that discovery is permissible or warranted in his case. In *Hummel v. Heckler*, 736 F.2d 91, 93 (3rd Cir. 1984), the Third Circuit held that discovery was allowable as to alleged bias by an assigned ALJ.[1] The court in *Hummel* stated:

> The Social Security Act contains no provision for pre-hearing discovery, and the Administrative Procedure Act does not provide for it. Thus, like most federal administrative proceedings, no pre-hearing discovery is normally available. The provision in section 405(g) authorizing orders for the taking of additional testimony should not, in our view, be construed as a means whereby the discovery provisions of the Federal Rules of Civil Procedure may be imported into the administrative adjudication scheme of the Act.

*Id.* (emphasis added). *Hummel* expressly prohibits Plaintiff's attempt to apply the discovery procedures of the Federal Rules of Civil Procedure to this § 405(g) appeal. Plaintiff makes no allegation that the ALJ that heard his appeal was biased. Similarly, in *NVE v. Dep't of Health & Human Servs.*, 436 F.3d 182, 185 (3rd Cir. 2006), the Third Circuit recognized that there is "a strong presumption against discovery into administrative

---

[1] Similarly, in cases brought under the Administrative Procedure Act "a court may permit discovery . . . only in two limited circumstances: (1) when there is a 'strong showing of bad faith or improper behavior,' or (2) when discovery provides 'the only possibility for effective judicial review and when there have been no contemporaneous administrative findings.'" *Cmty. for Creative Non–Violence v. Lujan,* 908 F.2d 992, 997 (D.C.C. 1990) (citing *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 420 (1971)). Neither instance applies here.

proceedings born out of the objective of preserving the integrity and independence of the administrative process." 436 F.3d at 195. The "only" exception to this rule is "in cases involving alleged bias on the part of an agency." *Id.*

The additional cases cited by Plaintiff are likewise inapposite. Plaintiff's reliance on *Keuhner v. Heckler*, 778 F.2d 152 (3rd Cir. 1985) and *Jones v. Bowen*, 121 F.R.D. 344, 348 (N.D.Ill. 1988) is based on vague references to discovery taking place in a class action lawsuit. *Dixon v. Bowen,* 126 F.R.D. 483 (S.D.N.Y.) involved discovery on secret policies of the agency defendant. Neither of these limited circumstances applies here. This is not a class action complaint, and Plaintiff has not alleged that a secret policy was at play.

The Fifth Circuit has long recognized the court's narrow scope of review in cases brought under 42 U.S.C. § 405(g). "The limited role of this Court in reviewing the district court decision is to determine whether there is substantial evidence in the entire record to support the fact findings or decision of the Secretary, as trier of fact, and not to reweigh the evidence, or try the issues de novo, or substitute the judgment of the Court for that of the Secretary." *Lovett*, 667 F.2d at 3 (5th Cir. 1981) (citing *Perez v. Schweiker*, 653 F.2d 997, 999 (5th Cir. 1981)); *Rodriguez v. Schweiker*, 640 F.2d 682, 685 (5th Cir. 1981). Plaintiff's attempt to expand the limited judicial review provision of § 405(g) to include discovery should be denied.

Furthermore, the court in *Hummel* held that limited discovery on ALJ bias was only "available to the section 405(g) plaintiff so that she can attempt to convince the district court that a remand to the Secretary for the taking of new evidence is appropriate." *Hummel*, 736 F.2d at 95; *Fla. Power & Light Co. v. Lorion,* 470 U.S. 729, 744, (1985) ("[I]f the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"). Here, Plaintiff has not requested a remand.

In addition, the evidence Plaintiff seeks through discovery is not relevant or probative. Plaintiff's request is based purely on speculation about what the Secretary may assert based on the Secretary's filings in other cases. Docket 50 at 3-4. Moreover, the data on the numbers of Medicare ALJ appeals are publicly-available. U.S. Gov't Accountability Office Report at 1, 12 (May 2016), https://www.gao.gov/assets/680/677034.pdf (last visited April 17, 2020); 82 Fed. Reg. 4974, 4976 (Jan. 17, 2017) (there were 650,000 pending ALJ appeals as of September 2016). In fact, Plaintiff cites to publicly available information in his motion. Docket 50 at 4, fn. 1. Although Plaintiff seeks data at a higher level of granularity, that level of specificity is not required for the court to decide whether collateral estoppel lies against the Secretary. There are thousands of ALJ appeals filed each year, which is sufficient to show constraints that "peculiarly affect the government" as opposed to private litigants. *United States v Mendoza*, 464 U.S. 154, 162-63 (1984)). In addition, the volume of ALJ appeals is but one of several reasons why collateral estoppel should not apply against the Secretary in Medicare claim appeals. Because the highly-specific data that Plaintiff seeks are not material to the issue before this court, Plaintiff's motion should be denied.

Finally, the Secretary's motion to dismiss for lack of standing has been fully-briefed and is pending a ruling. Defendant should not have to bear the time and expense of discovery before the court has had the opportunity to determine whether Plaintiff has met his burden to establish standing. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.") (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)).

For that reason, even if Plaintiff were allowed to propound interrogatories before briefing is complete, the Secretary would request that any further briefing and the

Secretary's time to respond to Plaintiff's interrogatories be stayed until the court has ruled upon the Secretary's motion to dismiss the case.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion should be denied.

        William C. Lamar
        United States Attorney

By:    Stuart S. Davis (MSB #103224)
        Assistant United States Attorney
        Northern District of Mississippi
        900 Jefferson Avenue
        Oxford, MS 38655
        t: 662.234.3351
        f: 662.234.3318
        e: stuart.davis@usdoj.gov