IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ROY WILMOTH, JR.**                                                                                           **PLAINTIFF**

**v.**                                                                 **No. 3:20-CV-120-NBB-RP**

**ALEX AZAR, in his official capacity of Secretary of**
**the U.S. Department of Health and Human Services**                  **DEFENDANT**

### ORDER GRANTING MOTION FOR LEAVE
### TO TAKE LIMITED DISCOVERY

This matter is before the court on Plaintiff's Motion for Leave to Take Limited Discovery, in which Plaintiff seeks the defendant Secretary's responses to four interrogatories attached to the motion. (Docket #50). The Secretary opposes the motion, arguing the court's decision in this case should be based strictly on the administrative record. The court finds Plaintiff's motion is well taken and should be granted.

This case comes before the court for judicial review under 42 U.S.C. § 405(g), which is made applicable to Medicare through 42 U.S.C. § 1395ff(b). The complaint arises from the Secretary's denial of Plaintiff's claims for Medicare payment for certain months of tumor treatment field therapy (TTFT), a treatment therapy delivered using the Optune system manufactured by Novocure, Inc. Plaintiff claims the Secretary is collaterally estopped from denying such coverage after having previously litigated and lost the same issue with Plaintiff in other ALJ appeals.

The collateral estoppel issue as to Medicare coverage for TTFT is a subject of litigation between the Secretary and other plaintiffs in various other jurisdictions as well.[1] In cases where the issue has been briefed by the Secretary, the Secretary has argued against collateral estoppel on the basis – among

---

[1] Plaintiff's claims were severed from those of certain other plaintiffs in a joint action brought in the U.S. District Court for the District of Columbia, and Plaintiff's claims were transferred to this court.

others – that the Secretary did not have a full and fair opportunity to litigate the subject coverage issue in the prior actions because, according to the Secretary, it is impracticable for the Secretary to appear in and litigate the hundreds of thousands of Medicare claim appeals filed each year at the ALJ level. In support, the Secretary has cited publicly available reports – not contained in the administrative record -- of the number of ALJ appeals. *See, e.g.,* Secretary's brief in *David Christenson, et al. v. Alex Azar,* Cause No. 20-cv-194 in the U.S. District Court for the Eastern District of Wisconsin, at pp.27-28 (Docket #50-2 at 27-28).

Plaintiff expects the Secretary to make the same argument against collateral estoppel in this case – and to again rely upon non-record information regarding the number of ALJ appeals. To counter this argument, Plaintiff intends to point out that pursuant to its regulations the Secretary may only appear in ALJ appeals where the beneficiary is represented, which Plaintiff contends is a small fraction of ALJ appeals. Plaintiff believes this will undercut the Secretary's "impracticability" argument. To support its argument with specific data as the Secretary has done in other cases and is expected to do in this case, Plaintiff seeks information from the Secretary regarding the total number of ALJ appeals filed by beneficiaries, as well as the number of appeals filed by represented beneficiaries, in each of the fiscal years 2018 and 2019. There is no dispute that this information, at least as to the number of appeals filed by represented beneficiaries, is in the exclusive possession of the Secretary.

In opposition, the Secretary correctly points out that discovery ordinarily is not available under § 405(g). However, Plaintiff points out that discovery is permissible in some circumstances under § 405(g). Specifically, Plaintiff cites decisions in other circuits which have allowed discovery for collateral issues to the proceedings. For example, in *Hummel v. Heckler*, the court held that discovery under § 405(g) is permissible regarding alleged bias of an ALJ. 736 F.2d 91, 93 (3d Cir. 1984). Discovery has also been allowed in cases involving class certification. *See*

*Keuhner v. Heckler*, 778 F.2d 152 (3d Cir. 1985); *Jones v. Bowen*, 121 F.R.D. 344 (N.D. Ill. 1988). Further, discovery has been allowed regarding an alleged secret policy of the agency defendant. *Dixon v. Bowen*, 126 F.R.D. 483 (S.D.N.Y. 1989). In sum, discovery has been allowed in § 405(g) cases by other courts involving matters ancillary to the case, such as when "facts with respect to the fairness of [the] proceeding can be developed only in the district court." *Hummel*, 736 F.2d at 93. Here, the issue of whether the Secretary is collaterally estopped from denying coverage for the treatment at issue bears on "the fairness of the proceeding," and the court finds the requested discovery should be allowed.

The Secretary does not deny that he will rely upon non-record information regarding the number of ALJ appeals in arguing against collateral estoppel in this case. To the contrary, in his response opposing Plaintiff's motion, the Secretary states "[t]here are thousands of ALJ appeals filed each year," and "the volume of ALJ appeals" is one of the reasons collateral estoppel should not apply against the Secretary. Docket #51 at 5. It is apparent to the court that the Secretary intends to rely on non-record information regarding the number of ALJ appeals in arguing against collateral estoppel in this case. It would hardly be fair to allow the Secretary to withhold other non-record information that may undercut his argument. Although the Secretary argues he should not have to bear the time and expense of discovery pending the court's resolution of the Secretary's motion challenging Plaintiff's standing in this case, the proposed discovery is quite limited and requests only four numbers.

For these reasons, Plaintiff's Motion for Leave to Take Limited Discovery (Docket #50) is GRANTED. The interrogatories attached to Plaintiff's motion are deemed served, and the Secretary is ordered to serve his responses with the requested information by October 23, 2020. The deadline for dispositive motions is extended until October 30, 2020.

**SO ORDERED**, this the 8th day of October, 2020.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE