IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ROY WILMOTH, JR.**                                                          **PLAINTIFF**

v.                                  **CIVIL ACTION NO. 3:20-cv-120-NBB-RP**

**ALEX M. AZAR, II, in his official capacity**
**as Secretary of the U.S. Department**
**of Health and Human Services**                             **DEFENDANT**

### REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Collateral estoppel is inapplicable in this case because it is contrary to the statutory and regulatory scheme at issue and because the elements of collateral estoppel are not met. Plaintiff's Opposition does not change this reality.

**A. The Common Law Doctrine of Collateral Estoppel is Inapplicable to Medicare Claim Appeals**

As Plaintiff recognizes, the Supreme Court held in *Astoria Fed. Savings & Loan Association v. Solomino*, 501 U.S. 104 (1991), that collateral estoppel is inapplicable to agency decisions when it would be contrary to legislative intent to apply it. *Id.* at 106-108. Docket 63, p. 3. Plaintiff does not meaningfully dispute that the Medicare regulations are inconsistent with the application of collateral estoppel in this context, but contends that they "indicate nothing about Congress' intent." Docket 63, p. 3. This position ignores the broader statutory and regulatory scheme at issue, and Plaintiff's position that only a statute—and not regulations—can overcome a common law default rule, is inconsistent with the law.

The same analysis applies when the question is whether a regulation abrogates a general common law rule. *See, e.g., Fox Ins. Co., Inc. v. Ctrs. for Medicare & Medicaid Servs.*, 715 F.3d 1211, 1224 (9th Cir. 2013); *ABN Amro Bank N.V. v. United States*, 34 Fed.

Cl. 126, 131-32 (1995) ("Because properly promulgated substantive federal regulations have the force of federal law," the same approach employed in determining whether a statute abrogates common law "is equally applicable to a question of whether a set of federal regulations has superseded a rule of federal common law"); *Noble Energy, Inc. v. Jewell*, 110 F. Supp. 3d 5, 13-15 (D.D.C. 2015) (applying same principles applicable to statutes in determining whether regulations abrogated common law rule). The cases Plaintiff cites do not suggest otherwise.

Both the Medicare statute and regulations are inconsistent with the application of collateral estoppel to ALJ decisions in this context. "[T]he choice made between proceeding by general rule or by individual, ad hoc litigation is one that lies primarily in the informed discretion of the administrative agency." *SEC v. Chenery Corp.*, 332 U.S. 194, 203 (1947). The Medicare statute preserves this discretion, leaving it to the Secretary whether to proceed based on individual claim determinations or to set out more general rules. *See Heckler v. Ringer*, 466 U.S. 602, 617 (1984) ("The Secretary's decision as to whether a particular medical service is 'reasonable and necessary' and the means by which she implements her decision, whether by promulgating a generally applicable rule or by allowing individual adjudication, are clearly discretionary decisions." (citing 42 U.S.C. § 1395ff(a))); *Almy v. Sebelius*, 679 F.3d 297, 303 (4th Cir. 2012) ("The Medicare statute preserves this discretion for the Secretary, leaving it to her judgment whether to proceed by implementing an NCD, by allowing regional contractors to adopt an LCD, or by deciding individual cases through the adjudicative process."). As an exercise of this discretion, the Secretary has chosen to proceed based on individual adjudication, and has promulgated regulations to that effect. *See* Docket 58, pp. 2-4 (describing regulatory scheme). These regulations make clear that ALJ decisions do not have preclusive effect. 42 C.F.R. § 401.109; *id.* § 405.1062(b);*Christenson v. Azar*, No. 20-cv-194, 2020 WL 3642315, at 13 (E.D.

Wis. Jul. 6, 2020), *appeal docketed*, No. 20-3070 (7th Cir. Oct. 22, 2020) (granting Secretary's motion for summary judgment on issue of whether collateral estoppel applies to ALJ decisions regarding claims for TTFT device, reasoning that "[i]n delegating the authority to HHS to oversee an internal review of Medicare determinations, Congress afforded the Secretary the discretion to decide where issue preclusion applies" and "[t]he Secretary's position and its regulations determining when decisions are binding on the same parties in the future are not an unreasonable abuse of its discretion to carry out this task").

Applying preclusive effect to ALJ decisions would also be contrary to the Medicare statute's directive that the Medicare Appeals Council must "review the case de novo." 42 U.S.C.§ 1395ff(d)(2)(B). If a favorable ALJ ruling collaterally estopped the Council from denying a beneficiary's claim for the same treatment, the Council could not perform a *de novo* review, but would instead be bound to accept the prior conclusions of any ALJ deciding a claim for any time period. *See Almy*, 679 F.3d at 310 (holding that Council's obligation to undertake "de novo" review was "incompatible with [plaintiff's] proffered notion that the [Council] is somehow obligated to defer to the outcomes of prior decisions below"). Because in this administrative context each Medicare claim for coverage is subject to individual adjudication, 42 U.S.C. § 1395y(a),the circumstance is not, as Plaintiff suggests, comparable to a court reviewing a lower-level court decision *de novo*—in effect, a single favorable ALJ decision at any time would prevent the Medicare Appeals Council from exercising *de novo* review. For this same reason, Plaintiff's contention that the application of collateral estoppel would not preclude individual adjudication lacks support.[1] If the Council (and

---

[1] Plaintiff does not provide any support for the assertion that the Provider Reimbursement Review Board ("PRRB"), which was at issue in *Homan & Crimen, Inc. v. Harris*, 626 F.2d 1201(5th 1980, does not act in a "judicial capacity" (Docket 63, pp. 5-6). The PRRB is "an administrative review

3

ALJs) are bound by lower level ALJ decisions it could not adjudicate each claim on its own merits.

Plaintiff also argues that the Secretary's discussion of the presentment of claims reflects "confusion as to the relief sought in this case."[2] Docket 63, p. 7. Plaintiff now claims that he "seeks relief only as it regards his claim for coverage for the months of April-June 2018 and seeks no prospective relief." Docket 63, p. 7. However, Plaintiff made clear in his motion for summary judgment that he was, in fact, seeking relief for any future claims for TTFT. Plaintiff stated in his Summary Judgment brief:

> Mr. Wilmoth believes that this case could also be decided on the grounds that the Secretary's decision is arbitrary and capricious and not supported by substantial evidence in light of the several decisions finding coverage for Mr. Wilmoth. However, a decision on those grounds would only have effect with regard to Mr. Wilmoth and the particular claim at issue in this case. That is, a decision on any ground other than collateral estoppel will not have broader applicability to either Mr. Wilmoth or the many other people with GBM that are caught in a litigation trap with the Secretary. *By contrast, an issued decision on collateral estoppel will benefit Mr. Wilmoth in his future claims as well as other litigants more broadly.*

Docket 60, p. 1, fn. 1 (emphasis added). Even so, there is no dispute that if Plaintiff were to prevail on collateral estoppel, the only decision that might be estopped would be the October 15, 2019 Council decision denying Plaintiff's claims for TTFT.

### B. The Elements of Collateral Estoppel are Not Met

The elements of collateral estoppel are not satisfied. The other ALJ decisions referenced by Plaintiff did not involve the same issue as in this case, because each ALJ

---

panel that has the power to conduct an evidentiary hearing and affirm, modify, or reverse the [Medicare contractor's] [reimbursement] determination." *St. Michael's Medical Ctr. v. Sebelius*, 648 F. Supp. 2d 18, 22-23 (D.D.C. 2009) (citing 42 U.S.C. § 1395oo(a)-(b)). Plaintiff's citation to *Homemakers North Shore, Inc. v. Bowen*, 832 F.2d 408, 413 (7th Cir. 1987) lacks relevance here. Pl. Opp. at 5-6. The Seventh Circuit did not address whether the PRRB acted in a judicial capacity and did not address the issue of collateral estoppel.

[2] Plaintiff makes this same argument in regards to the Secretary's discussion of the new LCD that took effect on September 1, 2019. Docket 63, p. 13.

decision was explicitly limited to coverage for a specific period of time. Docket 58, pp. 16-17. Plaintiff argues that the Court should conclude that the identical issue was decided in the other ALJ decisions unless the Secretary shows that there is a material difference between the different periods considered by the ALJs and the Council. Docket 63, p. 8. The ALJs and the Council did not, however, consider whether Plaintiff's circumstances had changed because their review was limited to determining whether to allow coverage for the specific time period at issue.

The elements of collateral estoppel are also not met because the Secretary did not have a full opportunity to litigate the issue. As discussed in the Secretary's principal brief, it simply is not feasible for the Secretary to participate in each of the thousands of Medicare claims appeals filed each year in order to preserve the opportunity to challenge an adverse decision. Docket 58, p. 18. The Secretary cited to the number of appeals pending in 2016 because that information was contained in the Federal Register and is entitled to judicial notice, not because the Secretary was attempting to misrepresent the number of pending appeals as Plaintiff suggests.[3] Docket 63, p. 10. Plaintiff's citation to more recent data concerning the number of ALJ appeals - 201,292 pending as of the end of the third quarter 2020 - *supports* the Secretary's position that he could not appear in every appeal before an ALJ where the Secretary is permitted to do so. Even the more recent data shows that there are still hundreds of thousands of pending appeals, and Plaintiff's attempt to limit the number of appeals to those filed by represented beneficiaries ignores the thousands of appeals filed by other entities.

---

[3] The Secretary did not cite to evidence outside of the judicial record by citing to the Federal Register. By statute, "the contents of the Federal Register shall be judicially noticed and without prejudice to any other mode of citation, may be cited by volume and page number." 44 U.S.C. § 1507.

Plaintiff is mistaken that the Secretary can appeal a decision of an ALJ if he chose not to participate in the ALJ hearing. The provision cited by Plaintiff states that the Medicare Appeals Council can review a decision by an ALJ on its own motion. 42 C.F.R. § 405.1110. While CMS, as the Secretary's representative, can refer a case to the Council for consideration, if CMS did not participate in the ALJ proceeding the Council will accept review only if, in its view, "the decision or dismissal contains an error of law material to the outcome of the case or presents a broad policy or procedural issue that may affect the general public interest." *Id.* § 405.1110(c)(2). Accordingly, there is no opportunity for review of the ALJ's factual findings unless the Council finds that the case implicates "a broad policy or procedural issue." *Id.*

Finally, Plaintiff's efforts to distinguish the cases cited by the Secretary are unavailing. Docket 63, pp. 6-8. As indicated, the cited cases rejected similar attempts to bind federal agencies to non-precedential decisions in lower-level administrative appeals; the Secretary did not represent that those cases involved the identical issue litigated in this case.

## **CONCLUSION**

ALJ decisions in the Medicare claim appeals context are not capable of having preclusive effect, and even if they were, the elements for collateral estoppel are not met in this case. For the foregoing reasons, and for those set out in the Secretary's principal brief, the Court should affirm the final agency decision of the Secretary.

        William C. Lamar
        United States Attorney

By:    Stuart S. Davis (MSB #103224)
        Assistant United States Attorney
        Northern District of Mississippi
        900 Jefferson Avenue

                                          Oxford, Mississippi 38655
                                          t: 662.234.3351
                                          f: 662.234.
                                          e: stuart.davis@usdoj.gov